UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

        Plaintiff,

        v.                               Case No. 19-cv-1387-bhl

ANDREW SAUL,

        Defendant.

---

## ORDER

---

    David Darnell Nelson, Jr., an inmate at Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the Social Security Administration refuses to accept his application. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee (ECF No. 2), two motions asking the Court to appoint counsel for him (ECF Nos. 8, 9), and a motion for reward (ECF No. 14). This order resolves his motions, screens his complaint, and directs the defendant to file the declaration in support of the pending motion to dismiss.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On October 15, 2019, the Court concluded that the plaintiff did not have to pay an initial partial filing fee and gave him until November 5, 2019 to tell the Court if he wanted to voluntarily dismiss this case. (ECF No. 6.) He did not do so. The Court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff alleges that he suffers from hypothyroidism, gastroesophageal reflux disease (GERD), and a peptic duodenum ulcer. (ECF No. 1 at 2–3.) His hypothyroidism causes him to be tired, get cold easily, have too few bowel movements, increases his blood pressure, and causes memory loss, among other issues. (*Id.*) His GERD causes lung infections, chest pain,

2

choking when he eats, weight loss, and trouble swallowing. (*Id.* at 3.) His ulcer causes pain and a lack of appetite. (*Id.*)

He alleges that that the Social Security Administration will "not accept his applications supplemental security income." (*Id.* at 2.) He asks the Court to "accept [him]" for social security income and benefits, including back pay. (*Id.* at 4.)

**C. Analysis**

Based on the plaintiff's complaint, the Court understands him to be trying to appeal the Commissioner's decision to deny him the benefits for which he has applied.

The standard of review that a district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Substantial evidence "means more than a mere scintilla of proof, instead requiring such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ehrhart*, 969 F.2d at 538 (internal quotations omitted). The Court, in reviewing the Commissioner's decision, may neither substitute its judgment for the Commissioner's, nor "merely rubber stamp" the Commissioner's decision. *Id.*

The Court has not yet had the opportunity to review the evidence. It would be inappropriate for the Court to decide at this early juncture that the plaintiff has not stated a claim. The Court finds that his appeal may have merit, and the plaintiff may proceed on an appeal of the Commissioner's decision to deny him benefits.

**MOTION TO DISMISS ISSUE**

The Commissioner has appeared in this case (ECF No. 10) and filed a motion to dismiss or, alternatively, for summary judgment (ECF No. 11). The Commissioner argues that the plaintiff did not exhaust and did not properly serve the summons and complaint. (ECF No. 12.) In the motion, the Commissioner relies on a declaration. However, he did not file that declaration. The Court directs the Commissioner to file and serve upon the plaintiff the relied-upon declaration no later than **October 28, 2020** so that the Court has a complete record for deciding the motion, which, because it is based on items outside the pleadings, will be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d).

**MOTION FOR REWARD**

3

After the Commissioner filed his motion to dismiss, the Court entered a text only order directing the plaintiff to respond to the motion. A couple weeks later, the plaintiff filed a document titled "Motion to Reward Me All My Cash or Sum." (ECF No. 14.) The document is related to his social security complaint (at least in part) but does not go into much detail about exhausting the administrative review process. On October 5, 2020, the plaintiff filed correspondence in which he opposed the Commissioner's motion to dismiss. Given that the Court is affording the Commissioner an opportunity to file the declaration in support of his motion, the Court will also give the plaintiff time to file a fuller response. If he chooses to file a brief in opposition and/or a declaration[1] detailing his exhaustion efforts, he should do so no later than **November 18, 2020**.

The Court will deny the motion for reward to the extent the plaintiff is asking to have the court award him social security benefits. The Court will consider the contents of the document, however, in deciding the Commissioner's motion.

## MOTION TO APPOINT COUNSEL

After filing his complaint, the plaintiff filed two motions asking the Court to appoint counsel for him. (ECF Nos. 8, 9.) In the first motion, he also asks that all of his cases be accepted as filed "from 2014–present or from 2018-2019." (ECF No. 8 at 2.) The Court searched and found that the plaintiff has filed five cases in this district and they are all currently pending at different stages of litigation: 18-cv-220, 19-cv-510, 19-cv-1380, 19-cv-1387 (this lawsuit) and 20-cv-1395 (filed just recently). There is no record that the plaintiff has filed a case in this District and had it dismissed. Thus, it appears plaintiffs cases are being "accepted for filing."

Turning to his requests for the Court to recruit an attorney, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one in a civil case. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v.*

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

4

*Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–91. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

It does not appear that the plaintiff has tried to find an attorney on his own, so the Court will deny the motions for that reason. However, even if the plaintiff had attempted to find counsel himself, the Court would still deny the motions. According to the plaintiff, he needs counsel because he suffers from hypothyroidism (ECF No. 7 at 1) and because he is "not intelligent or smart" (ECF No. 8). His hypothyroidism causes fatigue and trouble concentrating, as well as depression, confusion, and muscle weakness, among other symptoms. (*Id.*)

The Court understands that the plaintiff likely finds the prospect of litigating this case (and, for him, five cases) overwhelming. However, the immediate issue is deciding whether the

5

plaintiff's case should be dismissed because he did not properly exhaust before filing this lawsuit. What he did prior to filing this case is within his personal knowledge. Given what is required and the Court's review of what he has filed so far (he can communicate clearly about what he believes he is entitled to), the Court believes he can still represent himself and is capable of filing documents responsive to the defendant's motion to dismiss. If the case survives the motion to dismiss, the plaintiff can renew his motion after trying to find an attorney on his own.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant is to file his declaration in support of his motion to dismiss no later than **October 28, 2020**. If the plaintiff chooses, he may file a supplemental brief and/or declaration about his exhaustion efforts no later than **November 18, 2020**.

**IT IS ALSO ORDERED** that the plaintiff's motion for reward (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to appoint counsel (ECF No. 8, 9) are **DENIED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that, even though the defendant has appeared, the U.S. Marshals Service shall serve a copy of the complaint and this order on Andrew Saul, Commissioner of Social Security. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that the agency that has custody of the plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28

U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the Court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of October, 2020.

s/ Brett H. Ludwig<br>
Brett H. Ludwig<br>
United States District Judge