UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID DARNELL NELSON, JR,

        Plaintiff,

    v.

        Case No. 19-cv-1387-bhl

ANDREW M SAUL,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## DECISION AND ORDER

On September 23, 2019, David Darnell Nelson, Jr., acting *pro se* and without the assistance of counsel, filed a complaint alleging that the Social Security Administration improperly denied his application for disability benefits. (ECF No. 1.) At the time he filed the complaint, Nelson was an inmate at Green Bay Correctional Institution. He later filed a "Motion to Add State Claim," (ECF No. 18), and a Declaration in which he states he would like to add as a defendant the Administrative Law Judge who denied his application for benefits, (ECF No. 21). On July 21, 2020, before this Court had screened Nelson's complaint, the Defendant filed a Motion to Dismiss or, Alternatively, for Summary Judgment. (ECF No. 11.) This order resolves the pending motions and dismisses the case.

## BACKGROUND

Plaintiff David Darnell Nelson, Jr. applied for social security income benefits on at least two separate occasions. His first application, filed on November 19, 2012, was denied at the initial and reconsideration levels. Nelson then requested a hearing, and an administrative law judge (ALJ) issued a decision rejecting Nelson's claims on April 6, 2016. (Voegele Declaration at ¶3(a), ECF No. 17, and Exhibit 1, ECF No. 17 at 8-22.) Nelson then asked the Appeals Council to review the ALJ's decision, and on September 7, 2016, the Appeals Council denied Nelson's request for review of the ALJ's decision, making it the final decision of the Commissioner. (Voegele Declaration at ¶3(a) and Exhibit 2, ECF. No. 17 at 31-36.) On

September 7, 2016, the Appeals Council also sent Nelson notice of his right to file a civil action within 60 days of receipt of the notice. (Voegele Declaration at ¶3(a), ECF No. 17, and Exhibit 2, ECF No. 17 at 32-33.) Nelson did not timely file a civil action appealing the ALJ's April 6, 2016 unfavorable decision. (Voegele Declaration at ¶3(b), ECF No. 17.)

On March 29, 2019, Nelson filed a new application for SSI benefits. This claim was denied at the initial level on June 25, 2019. (Voegele Declaration at ¶3(c), ECF No. 17, and Exhibit 3, ECF No. 17 at 37-41.) In the initial determination, Nelson was informed that if he disagreed with the Commissioner's decision, he could ask for an appeal in writing within 60 days.[1] (Exhibit 3, ECF No. 17 at 38.) Nelson did not file an appeal. Instead, approximately three months later, on September 23, 2019, he filed the present action in federal court.

Nelson used the district's form complaint for filers who are prisoners without lawyers. Under the jurisdiction section, he checked both boxes indicating he was suing for a violation of federal law under 28 U.S.C. §1331, as well as under state law. He stated, "the amount of money at stake in this case is $1 Billion Dollars." (ECF No. 1 at 4.) His requested relief included supplemental income and benefits and social security income and benefits for his mental illness with back pay since he was born. He also requested an award for pain and suffering, due to the defendant's cruel and unusual punishment and deliberate indifference. (ECF No. 1 at 4.)

Nelson alleges that he suffers from hypothyroidism, gastroesophageal reflux disease (GERD), and a peptic duodenum ulcer. (ECF No. 1 at 2-3.) His hypothyroidism causes him to be tired, get cold easily, have too few bowel movements, increases his blood pressure, and causes memory loss, among other issues. (*Id*.) His GERD causes lung infections, chest pain, choking when he eats, weight loss, and trouble swallowing. (*Id*. at 3.) His ulcer causes pain and a lack of appetite. (*Id*.) He alleges that that the Social Security Administration will "not accept his application for supplemental security income." (*Id*. at 2.) He asks the Court to "accept [him]" for social security income and benefits, including back pay. (*Id*. at 4.)

---

[1] As of December 13, 2019, the date of Ms. Voegele's declaration, there was no indication of an ALJ decision or dismissal, and no request for Appeals Council review of Plaintiff's March 29, 2019 application for benefits, closed, pending, or otherwise. (Voegele Declaration at ¶3(d), ECF No. 17.)

On July 21, 2020, the Social Security Administration filed a motion to dismiss or, alternatively, for summary judgment, arguing that Nelson failed to exhaust his administrative remedies because he did not appeal the Commissioner's decision denying his application.[2]

Nelson filed a response on October 5, 2020, in which he primarily asserted his disagreement with the Commissioner's motion to dismiss because he suffers from hypothyroidism, GERD, sickle cell trait, PTSD, bipolar, anti-social and other personality disorders, entitling him to disability benefits. (Plaintiff Brief in Opposition, ECF No. 15 at 1.) He states he has the right to file this lawsuit because he "follow[ed] the chain of command" after being denied benefits in 2012 and 2016. (*Id*. at 2.)

Because Nelson was a prisoner when he filed his complaint, and the Prison Litigation Reform Act applies to this case, the Court was required to screen the complaint. *See* 28 U.S.C. §1915A(a). On October 14, 2020, the Court issued a Screening Order, granting Nelson's request to proceed without prepayment of the filing fee and concluding that the complaint sufficiently stated a claim to allow Nelson to proceed. (ECF No. 16 at 3.) The Court further noted that, because the Commissioner had moved to dismiss or, in the alternative, for summary judgment, and was seeking to rely on items outside the pleadings, the Court would treat the motion as one for summary judgment. (*Id*.) The Court allowed Nelson the chance to file a supplemental brief and/or declaration about his exhaustion efforts no later than November 18, 2020.

Rather than addressing Defendant's exhaustion arguments, on October 21, 2020, Nelson filed a one-page "Motion to Add State Claim," in which he lists additional claims for "negligence, wrongdoing, cruel and unusual punishment, deliberate indifferen[ce, and] personal injury." (ECF No. 18.) He alleges the Commissioner denied him SSI and made him work while suffering from the life-threatening diseases of hypothyroid disease and GERD. The Commissioner has not filed a response to Nelson's motion.

Nelson has also filed three different declarations, on October 26, 2020, November 5, 2020, and November 20, 2020, respectively. The first declaration repeats, but does not expound upon, statements previously made in the complaint or motion. (ECF No. 19.) Nelson's second

---

[2] The Commissioner also argues that Nelson did not effectuate service of the summons and complaint. The lack of service was the result of the complaint still needing to be screened and was not the fault of Nelson. The Commissioner had already filed a Notice of Appearance when, on October 14, 2020, the Clerk of Court transmitted the Complaint and Screening Order via certified mail to the Commissioner of Social Security and the United States Attorney General, and electronically to the United States Attorney. The Court will not therefore address the Commissioner's improper service arguments.

declaration repeats his previous statements and further alleges the Social Security Administration neither made its determination based on his own doctor's records or submissions of doctors and disability specialists with the state agencies, nor correctly applied the law.  He also confirmed the procedural background of his claims as set forth by the Commissioner.  He then claims the Commissioner "is the final level of determination," his claim was denied at the final level on June 25, 2019, and he exhausted his remedies before filing his complaint in this court.  (ECF No. 20 at 2.)

Nelson's third declaration repeats the same undisputed history of his disability claims, and again asserts that the claim was denied at the "final level" on June 25, 2019.  (ECF No. 21 at 3-4.)  He then discusses the five-step sequential evaluation process used in making disability determinations.  (*Id*. at 5-6.)  In the same document, Nelson states he "will also like a motion to add Edward P. Studzinski" – the Administrative Law Judge that denied his 2012 claim – as a defendant subject to claims of negligence, deliberate indifference, personal injury, and emotional injury.  (*Id*. at 7-8.)  On November 30, 2020, Nelson filed a supplemental brief, (ECF No. 22), repeating many of the statements made in his third declaration, (ECF No. 21).

## DISCUSSION

### A. Defendant's Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party.  *See id*. at 255.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes.  *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994).  Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable factfinder could find for the party opposing the motion, summary judgment is inappropriate.  *See Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989).  But if it is clear that a plaintiff will be unable to satisfy the legal requirements

necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322-23.

Federal courts may review only "final" decisions of the Social Security Administration made after a "hearing." *See* 42 U.S.C. §§405(g), (h); *Mathews v. Eldridge*, 424 U.S. 319, 328-29 (1976). For a decision to be "final" under Title II of the Social Security Act, the claimant must complete a multi-step administrative review process. *See* 20 C.F.R. §404.900; *Washington v. Saul*, 788 F. App'x 388, 389 (7th Cir. 2019) (citing *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019); *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Those steps include (1) an initial benefit determination by a disability examiner, 20 C.F.R. §416.1402; (2) a reconsideration determination, 20 C.F.R. §416.1407; (3) a hearing before an Administrative Law Judge, 20 C.F.R. §416.1429; and (4) review by the Appeals Council, 20 C.F.R. §416.1467. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is final and binding, unless the claimant files an action in district court, or the decision is revised. 20 C.F.R. §416.1481.

The Commissioner has clearly satisfied his burden of proving a defense of failure to exhaust. *See Washington v. Saul*, 788 F. App'x at 389. The record includes unrebutted evidence that, after denial of Nelson's claim at the initial level on June 25, 2019, he did not request reconsideration, a hearing before an ALJ, or review by the Appeals Council. The lack of any rebuttal to the Commissioner's evidence that Nelson did not complete the steps of exhaustion precludes judicial review of his claim for denial of benefits. *See* 20 C.F.R. §404.900(b); *Sims*, 530 U.S. at 107. Although Nelson draws an erroneous legal conclusion based upon the procedural posture of his social security claim, the relevant facts are not disputed. The Court must grant the Commissioner summary judgment without consideration of the merits of Nelson's disability claim.

**B. Plaintiff's Motion to Add State Claims.**

Nelson has also asserted claims for actions potentially unrelated to the denial of benefits itself. He filed a separate Motion to Add State Claim for negligence, wrongdoing, cruel and unusual punishment, deliberate indifference, and personal injury. (ECF No. 18.) Additionally, within his third declaration, Nelson stated he wanted to add Edward P. Studzinski – the Administrative Law Judge that denied his 2012 claim – as a defendant subject to claims of negligence, deliberate indifference, personal injury, and emotional injury. (ECF No. 21.) These

motions suffer from numerous problems, both procedural and substantive. His one-page Motion to Add State Claim does not adequately allege the elements of any of the claims he identifies. Nor does he appear to have ever provided notice of any tort claims to the Social Security Administration, as required to bring a tort claim against the federal government. *See* 28 U.S.C. §2675(a); *McNeil v. United States*, 508 U.S. 106 (1993) (upholding Seventh Circuit's decision affirming district court's dismissal of tort claim based on plaintiff's failure to satisfy §2675(a)'s exhaustion requirement). Moreover, his attempt to sue the administrative law judge is likely barred by judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512-13 (1978). Because the case must be dismissed in any event due to Nelson's failure to exhaust his administrative remedies, the Court will simply deny Nelson's subsidiary motions as moot.

Accordingly, IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (ECF No. 11) is GRANTED and this action is DISMISSED without prejudice due to the Plaintiff's failure to exhaust his administrative remedies.

IT IS FURTHER ORDERED that Plaintiff's Motion to Add a State Claim, (ECF No. 18), and a Motion to Add Defendant, requested within his Declaration, (ECF No. 21), are DENIED without prejudice.

Dated at Milwaukee, Wisconsin on April 14, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge